UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN S. MAAS,

        Petitioner,

v.                                                                                                   Case No. 25-mc-0001-bhl

STATE OF WISCONSIN,

        Respondent.

## DECISION AND ORDER

On February 3, 2025, Petitioner Kevin S. Maas, a state prisoner currently incarcerated at Redgranite Correctional Institution, filed a *pro se* "Request Stay of Previously Filed State: Habeas Corpus (Knight) Petition", which the Clerk of Court assigned to this Court as a miscellaneous matter. (ECF No. 1.) According to Maas's motion, he is currently litigating a Wisconsin Court of Appeals order that denied his postconviction motion under Wis. Stat. § 974.06. (*Id.* at 2.) Maas requests a stay, "to preserve future consideration by this court." (*Id.* at 1.) Maas further calculates that "three (3) months remain for federal habeas review of the Knight petition." (*Id.* at 2.) Maas's request is procedurally improper and must be denied.

As an initial matter, Maas has yet to file a habeas petition in this Court, although it appears that he intends to pursue a petition in the future. Unless and until he files a petition, there is no case pending in this Court and this Court cannot grant a stay or any other form of relief. *See United States v. Leon,* 203 F.3d 162, 163–64 (2d Cir. 2000) (concluding that a federal court lacks jurisdiction to consider whether a proposed collateral challenge under 28 U.S.C. § 2255 is timely under the Antiterrorism and Effective Death Penalty Act's one-year status of limitations, until such a motion is actually filed); *Geivett v. Unknown*, No. CV 19-5131-DDP (SP), 2019 WL 4081057, at *1 (C.D. Cal. Aug. 28, 2019) (court lacked jurisdiction to grant state prisoner's request for a stay submitted without an actual petition where the letter requesting the stay could not be construed as a § 2254 petition because it did not comply with filing requirements applying to habeas petitions).

To the extent Maas intends his request to be deemed a petition for habeas relief, his filing does not satisfy the requirements for a petition. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition specify all grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be printed or typewritten or legibly handwritten, and be signed under penalty of perjury. Maas presents no grounds for relief and no facts regarding his underlying conviction. He presents no argument that he is in custody "in violation of the Constitution or laws or treaties of the United States," sufficient to warrant habeas relief. *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011) (quoting 28 U.S.C. § 2254(a)). The only requirement Maas meets is that his motion is "printed, typewritten, or legibly handwritten," Rule 2(c)(4), but that is hardly sufficient for Maas's motion to be considered a petition for habeas relief. Further, Civil Local Rule 9(a)(1) (E.D. Wis.) requires a petitioner to file his request for habeas corpus relief on a standard form supplied by the Clerk of Court and available on the Court's website, and Maas has failed to meet that requirement as well.

Finally, it appears from Maas's filing that he still has proceedings concerning his custody pending in state court. This makes any federal habeas effort premature. A district court typically may not provide habeas relief unless the petitioner has exhausted his available remedies in state courts. 28 U.S.C. § 2254(b). To the extent Maas seeks to file a habeas petition concerning claims he has not exhausted, his petition would have to be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in courts of the State"). A claim is not exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C § 2254(c). Exhausting occurs when the petitioner has fairly presented his claims to the state courts by arguing both the federal legal principles and the operative facts of the claims, thereby giving the state courts a "meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001) (collecting cases) (internal quotation marks and citation omitted). Exhausting all state remedies includes presenting each claim on appeal to the Wisconsin Court of Appeals and in a petition to the Wisconsin Supreme Court for discretionary review. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). When a petition is filed prior to exhausting the available state remedies, dismissal is the typical response in the interest of comity and judicial

efficiency; however, the court may deny a habeas petition on the merits where an applicant does not raise even a colorable federal claim. 28 U.S.C. § 2254(b); *see also Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). Because Maas's appeal from the denial of his latest postconviction motion is still pending in the state courts and according to Maas he has approximately three months remaining to file an actual petition for writ of habeas corpus with this Court if the state courts deny him the relief sought, his motion to stay must be denied and this miscellaneous action dismissed.

Maas appears to be concerned that he needs a stay from this Court to avoid a statute of limitations problem. He indicates that his state court proceedings relate to a 2005 case and claims that "three (3) months remain for federal habeas review of the Knight petition." (ECF No. 1 at 2.) Maas does not provide the Court with the information necessary to determine whether he in fact has three months remaining to file a federal habeas matter. Nevertheless, Maas should be aware that a petitioner has one year from the date his state conviction becomes "final" to file a federal habeas corpus action. 28 U.S.C. § 2244(d)(1)(A). And the one-year limitations period is tolled (or suspended) for any period of time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). Maas's current filing does not impact the timeliness of any future petition he may file.

**IT IS HEREBY ORDERED** that Kevin S. Maas's Motion to Stay, ECF No. 1, is **DENIED**.

**IT IS FURTHER ORDERED** that Maas's miscellaneous matter, 25-mc-0001, is **DISMISSED without prejudice**. The Clerk of Court is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge